UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOAQUIN LASSALLE-VELAZQUEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 12-1795 (JAF)

(Criminal No. 08-037)

**OPINION AND ORDER**

Petitioner, Joaquin Lassalle-Velázquez, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 08-037. (Docket No. 1.)

**I.**

**Background**

On January 30, 2008, the grand jury rendered a two-count indictment against Joaquin Lassalle-Velázquez and six co-defendants. (Crim. Docket No. 28.) Count One charged defendants with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§841 and 846. (Id.) Count Two charged them with a conspiracy to import into the United States five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§952, 960, and 963. (Id.) On September 14, 2009, Lassalle-Velázquez pled guilty to the Indictment under a straight plea. (Docket No. 293.) On January 26, 2010, we sentenced Lassalle-Velázquez to three

hundred twenty-eight months for each count, to be served consecutively. (Crim. Docket No. 383.) Lassalle-Velázquez appealed and, on January 26, 2011, the First Circuit Court of Appeals affirmed his conviction. United States v. Lassalle-Velázquez, Appeal No. 10-1259 (1st Cir. Jan. 26, 2011). Lassalle-Velázquez filed a pro-se writ of certiorari which was denied on October 3, 2011. United States v. Lassalle-Velázquez, --- U.S. ---, 132 S.Ct. 172 (2011). On September 25, 2012, he filed this petition, alleging various types of ineffective assistance of counsel. (Docket No. 1.) The government opposed. (Docket No. 5.) Lassalle-Velázquez replied. (Docket No. 6.)

## II.

## Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## <u>Discussion</u>

Because Lassalle-Velázquez appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Nevertheless, Lassalle-Velázquez's pro-se status does not excuse him from complying with procedural and substantive law. <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997).

Lassalle-Velázquez alleges several species of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for his counsel's errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u>

**A.  <u>Counsel was not ineffective for failing to file a motion to withdraw the Defendant's guilty plea and by failing to reconstruct the record of the "in-chambers plea discussions"</u>**

Lassalle-Velázquez alleges that we improperly participated in the plea negotiations in violation of Rule 11(c)(1) of the Federal Rules of Criminal Procedure. (Docket No. 1.) To support this allegation, Lassalle-Velázquez included with his motion an affidavit and the affidavits of two co-defendants, Orlando Carrero-Hernández and Jacobo Peguero-Carela, to establish evidence of our alleged improper participation. (Docket No. 1.) Lassalle-Velázquez further alleges that counsel failed to reconstruct a record of the "in-chambers plea discussions" pursuant to Rule 10 (c) of the Federal Rules of Appellate Procedure.

These issues were raised and considered on appeal. <u>United States v. Lassalle-Velázquez</u>, Appeal No. 10-1259 (1st Cir. 2011). On appeal, the First Circuit explained that Lassalle-Velázquez did not properly create a record pursuant to Rule 10(c), but that no such record was required to resolve the claim of improper judicial participation. <u>Id.</u> The First Circuit held that even if our conduct at the status conference was clearly or obviously erroneous, Lassalle-Velázquez did not show that absent such an error he would have gone to trial in lieu of entering a guilty plea. <u>Id.</u> Furthermore, the First Circuit noted that the record indicated that he never intended to go to trial. <u>Id.</u> In sum, the First Circuit held that if the error had occurred, Lassalle-Velázquez could not show that it seriously affected the fairness of the proceedings. <u>Id.</u>

The First Circuit has held that when an issue has been disposed of on direct appeal, it will not be reviewed again through a § 2255 motion. <u>Singleton v. United States</u>, 26 F.3d 233, 240 (1st Cir. 1994) (citing <u>Dirring v. United States</u>, 370 F.2d 862, 863 (1st Cir. 1967)). The Supreme Court has held that if a claim "was raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations." <u>Withrow v. Williams</u>, 507 U.S. 680, 721 (1993). Given the First Circuit's decision in Lassalle-Velázquez's appeal that the fairness of the proceedings would not have been affected, these issues do not warrant further consideration.

**B.** **<u>Counsel was not ineffective for failing to properly advise petitioner of the effects of pleading guilty</u>**

Lassalle-Velázquez alleges that counsel failed to properly advise him of the effects of pleading guilty. It is well established that a defendant's "declarations in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Here, the record indicates that Lassalle-Velázquez affirmatively answered in court that he

had ample time to discuss the case and his decision to plead with his lawyer. (Crim. Docket No. 429 at 5.) The record also shows that Lassalle-Velázquez affirmatively answered that he was satisfied with counsel's work. (Crim. Docket No. 429 at 5.) It is clear from the record that counsel was not ineffective during the plea negotiation process.

Lassalle-Velázquez also alleges that although counsel provided him advice as to the plea agreement, he did not show Lassalle-Velázquez the agreement. Counsel cannot perform ineffectively by failing to show his or her client a copy of the plea agreement. The law requires that defense counsel communicate offers to his client. Missouri v. Frye, 132 S.Ct. 1399, 1408 (2012). Where a plea bargain has been offered, "a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 132 S.Ct. 1376, 1387 (2012). Ineffective assistance of counsel does not hinge on whether counsel gave his or her client a copy of the plea agreement; rather, the question is whether an offer was communicated and whether counsel was effective in advising the client to accept or reject an offer. Accordingly, counsel was not ineffective by failing to show Lassalle-Velázquez the plea agreement.

## C.   Counsel was not ineffective for failing to request that we recuse ourselves from the case

Lassalle-Velázquez claims that counsel was ineffective for failing to request that we recuse ourselves because of an alleged conflict of interest made manifest in "prejudicial, antagonistic, and ridiculing outbursts during the course of sentencing." (Docket No. 1 at 9.) The First Circuit has held that "[r]ecusal is only required by a state of mind 'so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective

character of a judge's rulings or findings.'" In re Lupron Marketing and Sales Practices Litigation, 677 F.3d 21, 36 (1st Cir. 2012) (quoting In re United States, 158 F.3d 26, 34 (1st Cir.1998)). In considering whether a judge's allegedly improper comments jeopardized a defendant's rights, it is necessary to consider the comments "in the context of the trial as a whole…." United States v. Polito, 856 F. 2d 414, 419 (1988). In his filing, Lassalle-Velázquez does not point to any specific instance or to any specific comments. Even still, a review of the record of the trial as a whole does not show any comments we made would have jeopardized Lassalle-Velázquez's rights, nor does the record reveal any instance that would cast doubt on the neutral and objective character of the proceedings.

### D. Counsel was not ineffective for failing to raise the issue of petitioner's criminal point history assessment at sentencing

Finally, Lassalle-Velázquez claims that his counsel was ineffective because counsel did not object to the assessment of criminal history points at sentencing. Lassalle-Velázquez argues that his counsel was ineffective for failing to object at sentencing to the calculation of his criminal history points. However, U.S.S.G. § 4A1.1(c) provides that a defendant is assessed "one (1) point … for each prior sentence not counted under (a) or (b), up to a total of four points for this item." See § 4A1.1(c) of the United States Sentencing Guidelines. The presentence report reflects that Lassalle-Velázquez violated Article 208 of the Penal Code of Puerto Rico, causing aggravated damage to property—a felony under the Puerto Rico Penal Code. (Docket No. 367 at 15.) Thus, the one-point assessment on Lassalle-Velázquez's criminal history score was correct and objecting to the assessment would have been meritless. Failing to raise this meritless argument does not constitute ineffective assistance of counsel. See Vieux v.

Case 3:12-cv-01795-JAF   Document 7   Filed 06/10/13   Page 7 of 8
Civil No. 12-1795 (JAF)                                                           -7-

Pepe, 184 F.3d 59, 64 (1st Cir.1999) (counsel's decision not to pursue "futile tactics" is not considered deficient performance); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir.1990) (stating that failure to raise meritless claims is not ineffective assistance of counsel).

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Lassalle-Velázquez has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Lassalle-Velázquez may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

In this respect, we state that it has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit. This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds. We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations. See Davis v. U.S., 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under §2255, the claimed error of law must be a fundamental defect which inherently

results in a complete miscarriage of justice); see also Dirring v. U.S., 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic fundamental right is denied—not as vehicle for routine review for defendant who is dissatisfied with his sentence).

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of June, 2013.

                                                        S/José Antonio Fusté
                                                        JOSE ANTONIO FUSTE
                                                        U. S. DISTRICT JUDGE