UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOAQUIN LASSALLE-VELAZQUEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 12-1795 (JAF)

(Crim. No. 08-037-6)

**<u>MEMORANDUM ORDER</u>**

Joaquin Lassalle-Velázquez moves for reconsideration of our denial of his petition to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 9.) He claimed in his original petition that he received ineffective assistance of counsel. (Docket No. 1.) We denied his petition on the merits because his counsel's assistance was not ineffective. (Docket No. 7.) Because his motion for reconsideration also raises ineffective assistance of counsel claims, it is a second or successive petition requiring circuit approval that Lassalle-Velázquez has not received. As a result, his motion is denied.

On January 30, 2008, the grand jury rendered a two-count indictment against Joaquin Lassalle-Velázquez and six co-defendants. (Crim. Docket No. 28.) Count One charged defendants with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841 and 846. (<u>Id.</u>) Count Two charged them with a conspiracy to import into the United States five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 952, 960, and 963. (<u>Id.</u>) On September 14, 2009, Lassalle-Velázquez pled guilty to the Indictment under a straight

plea. (Crim. Docket No. 293.) On January 26, 2010, we sentenced Lassalle-Velázquez to three-hundred and twenty-eight (328) months for each count, to be served concurrently. (Crim. Docket No. 383.) Lassalle-Velázquez appealed and, on January 26, 2011, the First Circuit Court of Appeals affirmed his conviction. <u>United States v. Lassalle-Velázquez</u>, Appeal No. 10-1259 (1st Cir. Jan. 26, 2011). Lassalle-Velázquez filed a pro-se writ of certiorari which was denied on October 3, 2011. <u>United States v. Lassalle-Velázquez</u>, ___ U.S. ___, 132 S.Ct. 172 (2011). On September 25, 2012, he filed a petition for habeas corpus, alleging various types of ineffective assistance of counsel. (Docket No. 1.) The government opposed. (Docket No. 5.) Lassalle-Velázquez replied. (Docket No. 6.) On June 10, 2013, we denied Lassalle-Velázquez' petition. (Docket No. 7.) On July 9, 2013, he filed this motion for reconsideration. (Docket No. 9.)

Section 2255 disfavors "second or successive" habeas petitions seeking to vacate, set aside or correct a sentence. <u>See</u> 28 U.S.C. § 2255; <u>Burton v. Stewart</u>, 549 U.S. 147, 153 (2007). A later petition that raises the same grounds as a previous petition is considered a second or successive petition. <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 12-3 (1st Cir. 2000). On June 10, 2013, we denied Lassalle-Velázquez' first Section 2255 motion on the merits. (Docket No. 7.) Here, the claims Lassalle-Velázquez raises are ineffective assistance of counsel claims—just like in his previous motion. Therefore, Lassalle-Velázquez' present motion is a "second or successive" application for relief.

Before filing a second or successive motion under Section 2255, a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); <u>see</u> also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...."). A district court lacks jurisdiction over a second or

successive petition unless the defendant obtains certification from the appropriate court of appeals. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).

Here, Lassalle-Velázquez neither sought nor received authorization from the First Circuit Court of Appeals before filing his second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He claims he is entitled to relief under Alleyne v. United States, No. 11-9335 (U.S. June 17, 2013), but deciding that issue would require this court to reach the merits of his petition, which we can only do if the First Circuit certifies a second or successive habeas petition. See, e.g., Sampson v. United States, 2013 WL 4041968, n.3 (W.D.N.C. 2013). For now, we simply point out that Lassalle-Velázquez' Alleyne argument is dubious at best. In Apprendi v. New Jersey, the Supreme Court held that a fact must be submitted to a jury and found beyond a reasonable doubt if it increases a defendant's statutory mandatory maximum sentence. Alleyne extends this principle to facts that increase a defendant's statutory mandatory minimum sentence. We note that, while the Supreme Court has not decided whether Alleyne applies retroactively to cases on collateral review, the United States Court of Appeals for the Seventh Circuit has suggested, without deciding, that because "Alleyne is an extension of Apprendi … [t]his implies that the Court will not declare Alleyne to be retroactive." Simpson v. United States, __ F.3d __, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013). At this time, four district courts have found that Alleyne does not apply retroactively to cases on collateral review. See United States v. Stanley, 2013 WL 3752126, at *7 (N.D. Okla. July 16, 2013); United States v. Eziolisa, 2013 WL 3812087, at *2 (S.D. Ohio July 22, 2013); Affolter v. United States, 2013 WL 3884176, at *2 (E.D. Mo. July 26, 2013); United States v. Reyes, 2013 WL 4042508, at *19 (E.D. Pa. August 8, 2013). Here, we see no reason why Alleyne would be applicable. First, no

statutory minimum for firearms was factored in the case. (Crim. Docket No. 324.) Second, the only statutory minimum applied—relating to narcotics—is solidly covered by the plea entered by Lassalle-Velázquez, (Crim. Docket No. 293), and his acceptance of the proffer of evidence against him of possession with intent to distribute and importation of some 400 kg. of cocaine. (Crim. Docket No. 429 at 17.)

We dismiss the instant petition without prejudice and instruct Lassalle-Velázquez to first seek and obtain permission from the Court of Appeals for the First Circuit before filing a second or successive petition in this court.

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[Lassalle-Velázquez] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Lassalle-Velázquez has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Lassalle-Velázquez may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

**V.**

**Conclusion**

For the foregoing reasons, we hereby **DENY** Lassalle-Velázquez' motion for reconsideration. (Docket No. 9).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of August, 2013.

<u>S/José Antonio Fusté</u>
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE